EDNA DOREEN TELLER, PETITIONER-RESPONDENT, v.
MAJOR SALES, INC., RESPONDENT-APPELLANT.

Argued November 21, 1973—Decided January 8, 1974.

*Mr. Gerald M. Zashin* argued the cause for respondent-appellant.

*Mr. Martin Newmark* argued the cause for petitioner-respondent (*Messrs. Newmark & Newmark,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. This appeal involves a workmen's compensation death case where there was a third-party tort recovery for the same death which was greater than the employer's compensation liability.

Petitioner's husband was killed in a work-connected accident which occurred on November 3, 1968. In addition to petitioner, the decedent left two dependent children. Immediately following the accident, the compensation carrier filed a notice of direct settlement admitting liability under the statute. Payments were commenced on the basis of full statutory exposure. The funeral allowance of $750 was also paid. As of January 14, 1970 the compensation carrier had paid in benefits a total of $2,010. On or about that date a tort claim against a third party for damages resulting from the workman's death was settled for $75,000. In a proceeding in the third party matter to distribute the settlement

money counsel was allowed a fee of $21,111.09, being 28.14% of the total recovery.[1]

Counsel immediately notified the compensation carrier of the third-party recovery and, pursuant to *N. J. S. A.* 34:15–40(b), forwarded a check for $2,010 to the carrier to reimburse it for benefits theretofore paid. At the same time counsel inquired of the compensation carrier if it intended to pay "one-third of your gross exposure" as a legal fee. The carrier responded on April 14, 1970 by forwarding a check to counsel for $670 representing one-third of the $2,010 reimbursement.

A workmen's compensation claim petition was filed on October 30, 1970. Its ostensible purpose was to have a judgment entered establishing the employer's liability and, although poorly articulated at the hearing before the compensation judge, petitioner also sought an adjudication as to what obligation the employer had to reimburse petitioner for part of the attorney fee allowed in the third-party recovery.

When the matter came on for hearing before the compensation judge, he conceived that the only issue was the amount of counsel fee to be allowed in the compensation proceeding and that petitioner's counsel was contending that the fee allowed to him should be predicated on the full amount of the émployer's compensation liability.

The judge stated that counsel had been compensated for his work in the third-party matter and that his services in the Division of Workmen's Compensation were minimal. Accordingly, after calculating the award in favor of petitioner and the dependent children to be $30,238.50, he allowed petitioner's counsel a fee of $1,000 "for the work effort rendered in the compensation proceeding."

---

[1] Counsel was allowed as a fee one-third of the widow's share of the recovery, and one-fourth of the children's share. *R.* 1:21–7(c)(6).

Petitioner appealed to the Appellate Division which, in an unpublished opinion, held that the compensation judge had erred in failing to recognize the benefit the employer received from the third-party recovery. It ordered that the Division of Workmen's Compensation allow "counsel fees" based upon 28.14%[2] of the employer's total liability on the compensation claim, "subject to any further reimbursement in favor of petitioner as may be appropriate."

This Court granted certification, 65 N. J. 273 (1973), because the Appellate Division opinion also phrased the issue of the employer's obligation to pay some part of the attorney fee allowed in the third-party recovery in terms of "counsel fees" to be allowed in the compensation proceeding. Also, the opinion did not indicate who was to receive the benefit of such "counsel fees."

There seems to be some misunderstanding of the meaning and application of N. J. S. A. 34:15-40(b) and (e) insofar as it refers to "attorney's fee." This section embraces the situation here presented where the workman's death is compensable under the Workmen's Compensation Act and is also the subject of a third-party tort recovery which is greater than the employer's liability under the Act. The statute provides that in such situation the employer shall be released from workmen's compensation liability and shall be entitled to be reimbursed for the medical expenses incurred and compensation theretofore paid, less employee's expenses of suit and "attorney's fee" which is defined as:

such fee, but not in excess of 33-1/3% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding. N. J. S. A. 34:15-40(e).

---

[2]This being the same percentage to which the attorney's fee in the third-party recovery actually worked out.

■ In *Dante v. Gotelli,* 17 *N. J.* 254, 257–258 (1955), we noted that there had been a misconception of the foregoing statutory rule and that its design was *not* to give the petitioner's attorney a double attorney's fee for services rendered in the third-party tort recovery. We said, at *p.* 257, "Subdivision (e) of R. S. 34:15–40 *N. J. S. A.* assesses the employer for his pro rata share of the fee payable to the employee's attorney for services in the third party proceeding, not exceeding one-third of the recovery, measured by the benefit thereby accruing to the employer * * *." In other words, we held that where there has been a third-party tort recovery which releases the employer in whole or in part from liability for compensation, the employer can be assessed, on behalf of the employee or his dependents, for its pro rata share of the attorney's fee in the third-party recovery measured by the benefit accruing to it.

In *Dante* we also said that the assessment against the employer for its pro rata share of the attorney's fee in the third-party tort recovery was to be measured by "his total compensation liability under the act, however much the obligation may remain unfulfilled at the time of the third party recovery, rather than the compensation payments then actually made to the workman." *Ibid* at 255. To the same effect see *Caputo v. The Best Foods,* 17 *N. J.* 259, 267 (1955).

■ Here the employer has benefited from the third-party recovery to the extent of $30,238.50, *i. e.,* the amount of its compensation liability from which it has now been released. However, it has not contributed anything toward the legal expenses incurred in that third-party proceeding. We agree with the sense of the Appellate Division holding that the employer should pay some part of those expenses and that its pro rata share thereof should be calculated on the basis of the benefit it received.[3]

---

[3]No claim has been asserted for reimbursement of "expenses of suit" which the statute allows up to $200. It appears that the third-

We also agree with the Appellate Division that the percentage to be applied to such benefit or recovery in determining the employer's pro rata share should be the 28.14% to which the attorney's fee in the third-party settlement actually worked out. *Caputo, supra,* 17 *N. J.* at 267.

However, we conclude that the foregoing assessment should not be cast in the form of a counsel fee allowed in the compensation proceedings.[4] Since the attorney's fee allowed in the third-party suit has already been paid to counsel, the Division of Workmen's Compensation is to enter an order assessing the employer for its pro rata share of such attorney's fee calculated as herein provided. The order shall also direct that such amount be paid by the employer (or its compensation carrier) by way of reimbursement to the dependents-beneficiaries in the third-party settlement.

The net effect of the foregoing is that the employer (or its compensation carrier) will have paid $8,509.11 (28.14% of $30,238.50) towards the $21,111.09 counsel fee allowed in the third-party proceeding. The counsel fee of $1,000 allowed in the Workmen's Compensation Division belongs to counsel for his services in that Division.

Modified and remanded to the Division of Workmen's Compensation for conforming proceedings.

*For modification and remandment*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—6.

*Opposed*—None.

---

party claim was settled without suit, the only court proceeding involving the distribution of the money. See *N. J. S. A.* 2A:31–4.

[4] The attorney's fee allowed in a workmen's compensation proceeding belongs to the attorney and under *N. J. S. A.* 34:15–64 may not exceed 20% of the judgment.