HENRY M. DISHER, Plaintiff-Appellee, and PACIFIC INSURANCE COMPANY, LIMITED, Plaintiff Intervenor-Appellant, *v.* CHRISTOPHER KANIHO and COUNTY OF MAUI, Defendants, and CHRISTOPHER KANIHO, Third-Party Plaintiff, *v.* STATE OF HAWAII, Third-Party Defendant

NO. 7055

CIVIL NO. 2780

AUGUST 7, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by a worker's compensation carrier from an order apportioning expenses of suit between it and an injured employee where a settlement was made with a third party based upon the third party's negligence in a situation where the employee had received workman's compensation benefits.

The court below split the expenses evenly between the two parties. We affirm.

Section 386-8, Hawaii Revised Statutes, provides in part:

If the action is prosecuted by the employer alone, the employer shall be entitled to be paid from the proceeds received as a result of any judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fee, the employer shall apply out of the amount of the judgment or settlement proceeds an amount sufficient to reimburse the employer for the amount of his expenditure for compensation and shall pay any excess to the injured employee or other person entitled thereto.

If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fees. . . .

If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, there shall first be paid from any judgment for dam-

ages recovered, or settlement proceeds in case the action or actions be settled before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorney's fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees there shall be applied out of the amount of the judgment for damages, or settlement proceeds an amount sufficient to reimburse the employer for the amount of his expenditure for compensation and any excess shall be paid to the injured employee or other person entitled thereto.

In the event that the parties are unable to agree upon the amount of reasonable litigation expenses and the amount of attorney's fees under this section then the same shall be fixed by the court.

The employee was injured on April 1, 1975 and suit was filed on July 23, 1975. The insurance company waited until the date upon which trial was to commence, March 23, 1978, and then moved to intervene as a party plaintiff. Later the same day, the employee's attorney filed a motion for adjudication of attorney's fees and costs. Still later on that day, a settlement was reached and a judgment filed awarding the employee $70,000 from various defendants. Immediately following the filing of the judgment, the trial court granted the motion to intervene and granted the motion for adjudication of attorney's fees and costs. Attorney's fees were awarded according to the contract between the attorney and the employee — that is, he received 40% of the $70,000 recovered. Expenses which totaled $7,498 were split evenly between the employee and the insurance company. It is from this last feature of the order that the present appeal is taken.

It is apparent from the record that extensive discovery was undertaken on behalf of the appellee/employee, including a substantial number of depositions. The insurance company could have filed its motion to intervene at any time during the almost three years the proceedings were pending. It chose instead to allow the employee to pursue the action alone, at his risk with respect to costs.

In such a situation, the statute, instead of requiring that attorney's fees and expenses be deducted first from the award and that the employer then be reimbursed as it does where the employer has actively participated in the action, provides that the reimbursement to the employer shall be less his "share" of expenses and attorney's fees.

Since "share" is not defined by statute, it obviously is left to the discretion of the court to fix it. Where the insurance company made a choice to let the employee risk all of the costs of pursuing the litigation for a period of almost three years and until the very date of trial, we cannot say the court below abused its discretion in requiring the insurance company to carry half of those expenses when a successful result was achieved.

Affirmed.

*David W. Lo* for plaintiff intervenor-appellant.

*James Krueger (Stephen Goldsmith* on the brief) for plaintiff-appellee.

