993 P.2d 558

Marcelo **ALVARADO**, Plaintiff– Appellant,

v.

**KIEWIT PACIFIC COMPANY** and Aetna Casualty & Surety Company, Intervenors–Appellees,

and

**Hygrade Electric Company; John Does 1–5; Jane Does 1–5; Doe Corporations 1–5, Doe Partnerships 1–5; Roe Non–Profit Organizations 1–5; Doe Governmental Entities 1–5, Defendants.**

No. 19984.

Intermediate Court of Appeals of Hawai'i.

April 8, 1998.

Certiorari Granted May 12, 1998.

Herbert R. Takahashi, Stanford H. Masui, Danny J. Vasconcellos, and Rebecca L. Covert, Takahashi, Masui and Vasconcellos, of counsel, on the briefs, Honolulu, for plaintiff-appellant.

Kurt A. Gronau, Brian G.S. Choy, and Glenn N. Taga, Gronau Choy & Taga, of counsel, on the brief, Honolulu, for intervenors-appellees.

WATANABE, ACOBA, and KIRIMITSU, JJ.

Opinion of the Court by KIRIMITSU, J.

## I. *INTRODUCTION*

This case requires us to outline how to distribute, between an employer and employee, the amount of a judgment or settlement recovered by an injured employee who prosecutes a third-party action alone. Pursuant to Hawai'i Revised Statutes (HRS) § 386–8 (1993),[1] we hold that the starting point is (1) the total amount of the judgment or settlement, less (2) the reasonable litigation expenses and attorneys' fees which are based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer, less (3) the amount of the employer's expenditure for compensation which is reduced by the employer's "share" of expenses and attorneys' fees.

In this case, the circuit court did not reduce the amount of the employer's expenditure for workers' compensation by the employer's share of expenses and attorneys' fees. As such, we vacate in part the August 4, 1995 Order Granting Kiewit Pacific Company's and Aetna Casualty and Surety Company's Motion for Reimbursement of Workers' Compensation Lien and the July 9, 1996 Judgment, and remand for proceedings consistent with this opinion.

## II. *BACKGROUND*

In 1991, Plaintiff–Appellant Marcelo Alvarado (Alvarado) was employed by Intervenor–Appellee Kiewit Pacific Company (Kiew-

it) when he was struck by a motor vehicle owned by Defendant Hygrade Electric Company (Hygrade), thereby suffering a work-related injury. At the time of the accident, Kiewit was insured by a policy of workers' compensation insurance through Intervenor–Appellee Aetna Casualty & Surety Company (collectively with Kiewit, Kiewit). Kiewit paid workers' compensation benefits to Alvarado for the work-related injury.

On February 3, 1993, Alvarado brought an action against Hygrade for damages from the accident. Trial was ultimately set for the week of January 23, 1995. On or about January 3, 1995, Hygrade apparently made an Offer of Judgment to Alvarado in the amount of $110,000. Alvarado accepted the offer and filed a Notice of Acceptance of Offer of Judgment on January 18, 1995.[2]

On January 31, 1995, Kiewit filed a motion for intervention to protect its interest in the Offer of Judgment. The motion was orally granted on February 8, 1995.

On February 8, 1995, A Notice of Acceptance of Offer of Judgment (February 8, 1995 Acceptance) was again filed. The February 8, 1995 Acceptance appears to be the one in issue and, therefore, we will refer only to the February 8, 1995 Acceptance.

On February 9, 1995, Kiewit filed a notice of its workers' compensation lien (lien) for $110,773.06.[3]

On February 24, 1995, Kiewit moved for reimbursement of its lien. The motion was originally denied, but upon reconsideration,

1. Hawai'i Revised Statutes (HRS) § 386–8 (1993) states, in pertinent part:
   **Liability of third person. . . .**
   . . . .
   If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share

of such expenses and attorney's fee. On application of the employer, the court shall allow as a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.
HRS § 386–8.

2. The record indicates that Plaintiff–Appellant Marcelo Alvarado (Alvarado) did not obtain the written consent of Intervenor–Appellee Kiewit Pacific Company (Kiewit) as required by HRS § 386–8.

3. At the time judgment was entered, the amount of workers' compensation expended apparently increased to $111,306.40.

the circuit court granted the motion and entered an August 4, 1995 Order Granting Kiewit Pacific Company's and Aetna Casualty and Surety Company's Motion for Reimbursement of Worker's Compensation Lien (August 4, 1995 Reimbursement Order).

On April 5, 1995, judgment was entered in favor of Alvarado and against Hygrade in the amount of $110,000.

Final judgment was entered on July 9, 1996 in favor of Kiewit for $72,310.25.[4] Alvarado timely filed his notice of appeal on July 17, 1996.

## III. *DISCUSSION*

Alvarado appeals (1) the timeliness of Kiewit's intervention, and (2) whether the circuit court properly applied HRS § 386–8 when it awarded $72,310.25 to Kiewit as partial satisfaction of its "lien" (i.e., amount of Kiewit's expenditure for compensation less Kiewit's share of attorneys' fees and expenses).[5]

### A. *Intervention*

■ We first address whether the trial court abused its discretion by allowing Kiewit to intervene. HRS § 386–8 states, in pertinent part:

If the employee commences an action against such third person he [or she] shall without delay give the employer written notice of the action and the name and location of the court in which the action is brought by personal service or registered mail. *The employer may, at any time*

*before trial on the facts, join as party plaintiff.*

HRS § 386–8 (emphasis added).

In this case, Kiewit moved to intervene before any trial on the facts. Nevertheless, Alvarado argues that the doctrine of laches precludes Kiewit from moving to intervene almost two years after the filing of the complaint and thirteen days after Alvarado had already filed his notice of acceptance of Hygrade's offer of judgment. However, the statute is clear that an employer may intervene at any time before trial on the facts. In this case, Kiewit intervened before any trial on the facts, and, therefore, the circuit court did not abuse its discretion by allowing Kiewit to intervene.[6]

### B. *Propriety of Judgment: Calculation of Proceeds*

We next address whether the circuit court properly applied HRS § 386–8 when it awarded $72,310.25 to Kiewit in partial satisfaction of its workers' compensation "lien."[7] Alvarado argues that the circuit court erred in failing to deduct from the amount of Kiewit's expenditure for compensation its share of attorneys' fees and expenses. We agree and, therefore, vacate and remand for further proceedings.

#### 1. *Standard of Review.*

■ In interpreting statutes, ... the fundamental starting point is the language of the statute itself. The interpretation of a statute is a question of law which this court reviews *de novo*. Moreover, where the language of the statute is plain and

4. The July 9, 1996 Final Judgment indicates that the circuit court reduced the amount of the $110,000 judgment by $37,689.75 in attorneys' fees and costs incurred by Alvarado in securing the judgment in this case. The remaining $72,310.25 was awarded to Kiewit and Intervenor–Appellee Aetna Casualty and Surety Company (collectively, Kiewit) in partial satisfaction of Kiewit's lien.

5. The parties' use of the word "lien" is intended to be synonymous with the total amount expended for workers' compensation. However, as will be illustrated further in our opinion, such use of the word "lien" is inconsistent with the language of HRS § 386–8.

HRS § 386–8 allows as a first lien, held by an employer, to be "the amount of the employer's expenditure for compensation, *less his share of such expenses and attorneys' fee.*" Thus, the language of HRS § 386–8 clearly mandates that the true amount of the employer's lien is not only the amount of compensation expended, but such expenditure *less* the employer's share of attorneys' fees and expenses. As such, our use of the word "lien" in our discussion will reflect the statutes' intended definition of the word "lien."

6. The cases cited to by Alvarado do not involve a statute similar to HRS § 386–8. Thus, we find such cases unpersuasive.

7. *See* n. 5.

unambiguous, our only duty is to give effect to its plain and obvious meaning. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

*Konno v. County of Hawai'i*, 85 Hawai'i 61, 71, 937 P.2d 397, 407 (1997) (citations omitted).

### 2. *Interpretation of HRS § 386–8.*

HRS § 386–8 governs the calculation of an employee's proceeds, if any, that result from a judgment for damages or settlement in a third-party action. Kiewit argues that HRS § 386–8 does not require the total amount expended for compensation to be reduced by its "share" of attorneys' fees and expenses. We believe the language of HRS § 386–8 is clear and unambiguous, and consequently Kiewit is wrong.

HRS § 386–8 states, in pertinent part, as follows:

**Liability of third person** . . . .

. . . .

If the action is prosecuted by the employee *alone,* the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, *less his [or her] share of such expenses and attorney's fee.* On application of the employer, the court shall allow as a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, *less his [or her] share of such expenses and attorney's fee.*

HRS § 386–8 (emphases added).[8]

■ Put in layperson's terms, when an employee prosecutes a third-party action alone, the calculation of the employee's proceeds from the judgment or settlement of the third-party action is as follows: The starting point is (1) the total amount of the judgment or settlement, less (2) the reasonable litigation expenses and attorneys' fees which are based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer,[9] less (3) the amount of the employer's expenditure for compensation which is reduced by the employer's "share" of expenses and attorneys' fees.[10] The remainder,

---

8. We note that neither party contests that Alvarado prosecuted the third-party action "alone" for purposes of HRS § 386–8. However, even if Kiewit argued that Alvarado did not prosecute the third-party action "alone," because it participated in the third-party action by way of intervention, we would disagree that Kiewit's participation was active enough to fall under a different part of HRS § 386–8. *See Kindt v. Otis Elevator Co.,* 38 Cal.Rptr.2d 121, 127, 32 Cal.App.4th 452, 460 (1995) (holding that employer-intervenor's actions in attending depositions and designating expert witnesses was not enough involvement, and, therefore, employee who prosecuted the third-party action alone was entitled to recover attorneys' fees and costs to be allocated from the lien); *Hartwig v. Zacky Farms,* 3 Cal.Rptr.2d 828, 831–32, 2 Cal. App.4th 1550, 1556 (1992) (stating that merely retaining counsel or filing complaint in intervention or lien, with nothing more, does not satisfy standard of "active participation" necessary to prevent injured employee from receiving allocation of litigation costs from lien against fund created by third-party judgment).

9. The reasonable litigation expenses and attorneys' fees which are based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer is that amount incurred in preparation and prosecution of the total action which resulted in the total judgment or settlement. HRS § 386–8.

10. Step (3) actually represents the amount of the employer's reimbursement which is the amount of benefits already paid less the employer's share of attorneys' fees.

if any, constitutes a net recovery to the employee.[11] *See* HRS § 386–8.

■ Based upon the clear and unambiguous language of HRS § 386–8, we hold that where an employee pursues a third-party action "alone," HRS § 386–8 requires that an employer is only entitled to a first lien in the amount of its workers' compensation expended, less the employer's "share" of attorneys' fees and expenses.[12]

Our holding is consistent with the intention of the legislature. In 1973, the legislature added the language "less [the employer's] share of such expenses and attorney's fee" to HRS § 386–8. 1973 Haw. Sess. L. Act. 144, § 1 at 225–26. The addition

> explicitly re-state[s] the intent of the legislature to require an employer or insurance carrier to share in the payment of attorney's fees and costs in cases where an injured employee brings a third party action and there is a recovery from a third person which benefits both the employee and the employer.

Hse. Stand. Comm. Rep. No. 375, in 1973 House Journal, at 912.

> Thus,
>
> when an employee [seeks] a third party recovery, he [or she] would be able first to deduct his [or her] costs and attorney's fees, *with the employer receiving from the*

*proceeds the amount of his [or her] expenditure for compensation less his [or her] share of expenses and attorney's fees.*

Sen. Stand. Comm. Rep. No. 864, in 1973 Senate Journal, at 974 (emphasis added).

> The effect of this [amendment] will be to accord the worker a greater portion of the settlement as well as insure fairness to all parties. Where the employee effectuates a third party recovery, he [or she] should be able to first deduct his [or her] costs and attorney's fees before he [or she] pays over the employer's reimbursement for his [or her] compensation outlays over to him [or her], and that the employer should reasonably share in the costs and attorney's fees.

Hse. Stand. Comm. Rep. No. 644, in 1973 House Journal, at 1059.

Thus, the language and legislative intent of HRS § 386–8 makes clear that where an employee prosecutes a third-party action alone, an employer is only entitled, as a first lien, to the amount of compensation already expended less the employer's "share" of attorneys' fees and expenses.

### 3. *Definition of Employer's "Share" of Attorneys' Fees and Expenses.*

■ The language of HRS § 386–8 requires an employer to be responsible for its share of attorneys' fees and expenses. HRS § 386–8. "Since 'share' is not defined by

---

**11.** For an illustration of this calculation see *infra* part III.B.4.

**12.** Kiewit argues that requiring its total expenditure on workers' compensation to be reduced by its share of attorneys' fees and expenses amounts to a "double assessment of attorneys' fees" because

> [t]he language of the statute, [HRS] § 386–8, provides for a single deduction from the settlement or judgment proceeds 'the reasonable expenses incurred in the preparation and prosecution of such action, together with a reasonable attorneys' fee.' [HRS] § 386–8. In addition, the language of the following sentence of the statute, '[a]fter *the* payment of such expenses and attorneys' fees' indicates a single deduction for attorneys' fees and costs should be made, not two[.]

(Emphasis added.)

Kiewit's argument is flawed because, even if Kiewit's expenditure for workers' compensation is reduced by its share of attorneys' fees and expenses, there is no "double assessment of at-

torneys' fees." Pursuant to HRS § 386–8, the employee has his or her judgment reduced by his or her attorneys' fees and expenses, and the employer, respectively, has its workers' compensation expenditure reduced by the employer's share of attorneys' fees and expenses. As a result, both the employer and employee are theoretically responsible for their own attorneys' fees and expenses, thus, no "double assessment" occurs.

Furthermore, Kiewit's argument ignores the second half of the relevant paragraph in HRS § 386–8 which states, "After the payment of [the employee's] expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, *less his share of such expenses and attorney's fee.*" HRS § 386–8. (Emphasis added.)

Finally, as illustrated *infra* in part III.B.4. of this opinion, it is clear that there is no double assessment of attorneys' fees. Accordingly, Kiewit's argument of "double assessment of attorneys' fees" is without merit.

statute, it obviously is left to the discretion of the [trial] court to fix it." *Disher v. Kaniho,* 2 Haw.App. 344, 347, 631 P.2d 1209, 1211 (1981). However, in applying the principles of equity and statutory construction, we hold that an employer's share of attorneys' fees and expenses should be based upon (1) the amount of benefits already paid and (2) the amount of future benefits, if any, which the employer is relieved from paying as a result of a judgment or settlement.

### i. *Employer's "share" based on amount of benefits already paid.*

Although the statute and legislative history are silent on the definition of "share," common sense and equity dictate that an employer's share of attorneys' fees and expenses should be directly related to the amount of workers' compensation already expended. In other words, an employer's share of attorneys' fees and expenses should be some percentage of the amount of the workers' compensation already paid. This rationale is equitable because the amount of compensation already expended represents the amount of the employer's interest in the third-party action.

To be sure, it would be inequitable for an employer's share to be based upon the amount of the recovery by the employee. For example, if the employer expended $100,000 and the employee recovered a total of $1,000,000 from the third-party, it would be illogical to calculate the employer's share of attorneys' fees and expenses based upon the $1,000,000 recovery.

It would be equally inequitable for an employer's share to be based upon the amount of the attorneys' fees and expenses charged to the employee. In that case, if the employer expended $100,000 and the employee recovered a total of $1,000,000, and one-third of the $1,000,000 recovery ($333,333.33) was charged against the employee for the employee's attorneys' fees and expenses, it would be an arbitrary attempt to calculate the employer's share of attorneys' fees and expenses based upon the $333,333.33 in attorneys' fees and expenses.

The only logical, rational and somewhat predictable basis for calculating an employer's share of attorneys' fees and expenses, pursuant to HRS § 386–8, is to calculate such fees and expenses based upon the amount of workers' compensation benefits already paid.

### ii. *Employer's "share" based on amount of future benefits employer is relieved from paying.*

HRS § 386–8 also states, in pertinent part:

After reimbursement for his [or her] compensation payments the employer shall be relieved from the obligation to make further compensation payments to the employee under this chapter up to the entire amount of the balance of the settlement or the judgment, if satisfied, as the case may be, after deducting the cost and expenses, including attorneys' fees.

HRS § 386–8.

Thus, when an employee recovers a judgment or settlement from a third party, and after such recovery is first reduced by the amount of the employee's attorneys' fees and expenses, and then reduced by the reimbursement amount to the employer (i.e., amount of employer's expenditure for compensation, less the amount of the employer's share of attorneys' fees and expenses), there is usually a surplus which is recovered by the employee. In such cases, an employer may, in addition to reimbursement for payments already made, benefit from a judgment or settlement "by being relieved of its liability to make further payments under the workers' compensation award." *Takahashi v. Loomis Armored Car Serv.,* 625 F.2d 314, 316 (9th Cir.1980). Therefore, Alvarado argues that, as determined in *Takahashi,* "the employer's share of the attorney's fees should be based on the *total* benefit the employer received." *Id.* (emphasis added). We agree.

When faced with a similar issue and similar statute, the New Jersey Supreme Court stated:

[T]he assessment against the employer for its pro rata share of the attorney's fee in the third-party tort recovery was to be measured by "his [or her] total compensation liability under the act, however much

the obligation may remain unfulfilled at the time of the third-party recovery, rather than the compensation payments then actually made to the work[er]."

*Teller v. Major Sales, Inc.*, 64 N.J. 143, 313 A.2d 205, 207 (1974) (quoting *Dante v. Gotelli*, 17 N.J. 254, 111 A.2d 267, 268 (1955)); *see also Schalk v. Michigan Sewer Constr. Co.*, 62 Mich.App. 658, 233 N.W.2d 825, 827 (1975) (holding that the trial court did not err in calculating the amount of costs taxed against the workers' compensation insurance carrier based upon the benefits already paid and future benefits), *remanded by, Franges v. General Motors Corp.*, 404 Mich. 590, 274 N.W.2d 392, 400 (1979) (remanding only for proper calculation of employer's share of attorneys' fees and expenses, which includes taking into consideration the employer's benefit of being relieved from paying future benefits).

The theory that an employer should be required to bear its share of attorneys' fees and costs for future benefits it is relieved from paying is based on the following rationale:

It seems apparent that the provision in question was enacted in response to the seeming unfairness involved where an employee was forced to bear the entire burden of attorney's fees, even though the employer would benefit from the action, both by recovering amounts previously paid as compensation and by being relieved from the obligation to pay future compensation. The critical factor, therefore, appears to be the extent to which the employer is to benefit from the efforts of employee's attorney, and to that extent the employer rightly should bear a proportionate burden.

Over and above the amount recovered by subrogation, it is possible that employer has derived some benefit from its employee's recovery, and accordingly, ought to bear a proportionate burden of the attorney's fees relating to that benefit. That benefit stems from the fact that the employee's recovery will serve to offset liabilities which employer otherwise would have to satisfy through compensation payments.

[Employers] have benefited by the recovery from the third party not only by reimbursement for compensation already paid but also by credit against any future liability.... To hold otherwise would encourage claimants to delay settlements until virtually all workers' compensation benefits had been paid.

*Cronen v. Wegdahl Co-op. Elevator Ass'n*, 278 N.W.2d 102, 104–05 (Minn.1979) (internal quotation marks, asterisks, and citations omitted); *see also* A. Larson & L. Larson, *Larson's Workers' Compensation Law* § 74.32(a)(4) (1997) ("Since the employer's right of reimbursement extends not only to past compensation paid but to future liability, most courts have concluded that the employer's equitable share of the fees and costs involved in the employee's third party recovery should be calculated on his total potential liability, rather than on past benefits actually paid.").

We agree with the reasoning of the New Jersey and Michigan courts and, therefore, hold that when calculating the amount of the employer's share of attorneys' fees and expenses, the court must first consider the amount of the employer's share of attorneys' fees and expenses based upon the amount of benefits already paid. If there are any proceeds remaining to the employee, the court must additionally consider the amount of the employer's share of attorneys' fees and expenses based upon the amount of future benefits the employer is relieved from paying.

### 4. *Illustration of the Calculation Dictated by HRS § 386–8.*

To illustrate the calculation dictated by HRS § 386–8, we will use the example of a $120,000 judgment or settlement and an expenditure of $24,000 on workers' compensation. Furthermore, we will assume that 1/3 of the $120,000 (i.e., $40,000) represents the employee's attorneys' fees and costs expended to effect recovery of the total judgment or settlement, and 1/3 of the $24,000 expenditure ($8,000) represents the employer's share of attorneys' fees. With these variables, the calculation is as follows:

$120,000 [13]
- 40,000 [14]
_____
$ 80,000
- 16,000 [15]
_____
$ 64,000 = net recovery to employee

Thus, the $120,000 judgment or settlement is distributed as follows: $40,000 to employee's attorney for fees and costs, $16,000 to employer as reimbursement for its $24,000 expenditure, and $64,000 to employee as a net recovery. This illustration shows that our interpretation of HRS § 386–8 does not result in a double assessment of attorneys' fees or any type of "double recovery."

### 5. *Application of HRS § 386–8 to the Immediate Case.*

In this case, the following calculation of the employee's net recovery should be as follows: (1) $110,000 (total amount of settlement), less (2) $37,689.75 (amount of employee's reasonable attorneys' fees of $36,666.66 and expenses of $1,023.09), less (3) X (X = $111,306.40 workers' compensation expenditures less the employer's share of attorneys' fees and expenses).

13. Step 1: total judgment or settlement

14. Step 2: employee's attorneys' fees (1/3 of $120,000).

15. Step 3: amount of employer's reimbursement ($24,000 expenditure for compensation less $8,000 in employer's share of attorneys' fees).

If, however, it is proven that the employer is also relieved from paying future benefits to the injured employee as a result of the judgment or settlement, then the amount of the employer's reimbursement is further reduced by its share of attorneys' fees and costs for future benefits. Thus, in the above illustration, if the employer is relieved from paying an additional $30,000 in future benefits, and a court determines that its share of attorneys' fees for the future benefits are 1/3 of $30,000 (i.e., $10,000), then the amount of the employer's reimbursement is further reduced by $10,000, which results in an increase in the employee's net recovery by $10,000 to $74,000.

Under the future benefits scenario, there is still no double assessment of attorneys' fees because the employee's attorney still receives only $40,000, employer receives $6,000, and employee receives $74,000, which totals $120,000.

16. *See* n. 5.

17. The July 9, 1996 Judgment states in its entirety:

After steps (1) and (2), the subtotal amounts to $72,310.25. However, we are not able to calculate step (3) because the amount of X is unknown, because the circuit court did not determine the amount of Kiewit's "share" of attorneys' fees and expenses to be deducted from the amount of Kiewit's expenditure.

At the hearing on the motion for reimbursement of the lien, counsel for Kiewit argued that pursuant to HRS § 386–8, "the Court does not have the discretion—is not granted the authority to reduce the amount of the [$111,306.40] lien." The circuit court apparently agreed and ultimately determined that "[a]fter the deduction of [Alvarado's] attorneys' fees and costs, [Alvarado] shall pay to [Kiewit], pursuant to § 386–8, HRS, and in partial satisfaction of their workers' compensation 'lien,' [16] the remaining balance of the judgment proceeds, which will be the sum of [$72,310.25]." (Footnote added.) It is rather clear from the record that the circuit court did not reduce the amount of Kiewit's expenditure for workers' compensation by its share of attorneys' fees and expenses.[17]

[Kiewit's] Motion for Reimbursement of Workers' Compensation Lien, having come on for hearing . . . on March 9, 1995, . . . ,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. Judgment is entered in favor of [Kiewit] and against [Alvarado], pursuant to § 386–8, [HRS], in the amount of [$72,310.25] which sum represents partial satisfaction of their workers' compensation lien and is the remaining balance of the proceeds from the Judgment entered herein against [Hygrade] on April 5, 1995; and

2. [Alvarado] shall be allowed to deduct reasonable attorneys' fees in the amount of [$36,666.66] and litigation expenses of [$1,023.09] from the gross proceeds of the Judgment entered herein against [Hygrade] on April 5, 1995; and

3. After the deduction of these attorneys' fees and costs, [Alvarado] shall pay to [Kiewit], pursuant to § 386–8, HRS, and in partial satisfaction of their workers' compensation lien, the remaining balance of the judgment proceeds, which will be the sum of [$72,310.25].

The July 9, 1996 Judgment indicates that the judge did not properly reduce the amount of Kiewit's expenditure for workers' compensation benefits by Kiewit's share of attorneys' fees and costs.

Furthermore, the August 4, 1995 Order Granting Kiewit Pacific Company's and Aetna Casualty

Thus, we must vacate the August 4, 1995 Reimbursement Order and July 9, 1996 Judgment and remand with instructions to the circuit court to determine the amount of Kiewit's "share" of expenses and attorneys' fees, which, in turn, reduces the total amount recoverable by Kiewit for its workers' compensation expenditure.

Upon remand, one of two situations can occur. On the one hand, if the circuit court determines that Kiewit's share of attorneys' fees and expenses, based first upon the amount of workers' compensation expenditures, is one-third of such expenditures or less (i.e., $37,102.13 or less), then the following calculation occurs: (1) $110,000, less (2) $37,689.75, less (3) $74,204.27 ($111,306.40—$37,102.13), which equals *negative* $1,894.02. This means that Kiewit is entitled to be reimbursed $72,310.25 in partial satisfaction of its statutory lien amount of $74,204.27. There is no net recovery benefited by Alvara-

do, and therefore Kiewit's share of attorneys' fees and expenses should not include an additional amount based upon future benefits because Kiewit is not relieved from paying future benefits.

On the other hand, if the circuit court initially determines the amount of Kiewit's share of attorneys' fees and expenses to be something more than one-third of workers' compensation expenditures, for example one-half of the expenditures or $55,653.20, then the calculation is as follows: (1) $110,000, less (2) $37,689.75, less (3) $55,653.20 ($111,306.40—$55,653.20), which equals $16,657.05. Because Alvarado recovers a net of $16,657.05, there is the potential for Kiewit to have been relieved from paying future benefits. Thus, the circuit court would have to determine (1) if Kiewit is relieved from paying future benefits, and (2) if so, in what amount.

and Surety Company's Motion for Reimbursement of Workers' Compensation Lien indicates that the circuit court interpreted HRS § 386–8 to not require the amount of the expenditure to be reduced by Kiewit's share of attorneys' fees and expenses. Thus, in calculating the amount of Kiewit's reimbursement, the judge did not properly reduce the amount of Kiewit's expenditure for workers' compensation benefits by Kiewit's share of attorneys' fees and expenses.

The order states in pertinent part:

1. The gross judgment proceeds that are or will be payable to [Alvarado] from [Hygrade] in this case are [$110,000];

2. Pursuant to § 386–8, [HRS], the workers' compensation lien of [Kiewit], as of the date of hearing, is [$111,306.40];

3. Under § 386–8, HRS, an employee is entitled to deduct from judgment or settlement proceeds reasonable attorneys' fees and costs incurred in obtaining the judgment or settlement;

4. *After the deduction of the attorneys' fees and costs, the employer is entitled to the balance of the judgment or settlement proceeds up to the amount of the workers' compensation it has paid in satisfaction of the workers' compensation lien created by § 386–8, HRS;*

5. Where, as here, the reimbursement of the lien exhausts the judgment or settlement proceeds, the employer still has a contingent obligation to pay permanent disability and other workers' compensation benefits and that obligation must be settled by the Department of Labor and Industrial Relations; however, the amount of this contingent obligation does not affect the distribution of the settlement or judgment proceeds because the employer is obligated to pay the workers' compensation

benefits notwithstanding any reimbursement of the workers' compensation lien;

6. Pursuant to § 386–8, [HRS,] the Court has the authority to fix the amount of reasonable litigation expenses and attorneys' fees;

7. The Court finds that [Alvarado] incurred litigation expenses of [$1,023.09] and the Court finds these litigation costs to be reasonable;

8. The Court finds that an attorneys' fee of one-third the gross judgment proceeds, or [$36,666.66], is a reasonable attorneys' fee incurred in securing the judgment in this case;

9. [Kiewit]'s Motion for Reimbursement of Workers' Compensation Lien is granted; and

10. Pursuant to § 386–8, HRS, [Alvarado] shall be allowed to deduct reasonable attorneys' fees in the amount of [$36,666.66] and litigation expenses of [$1,023.09] from the gross judgment proceeds of $110,000.00;

11. After the deduction of these attorneys' fees and costs, [Alvarado] shall pay to [Kiewit], pursuant to § 386–8, HRS, and in partial satisfaction of their workers' compensation lien, the remaining balance of the judgment proceeds which will be the sum of [$72,310.25]

Paragraph 4 of the order illustrates the circuit judge's belief that HRS § 386–8 does not mandate that Kiewit's total expenditure for workers' compensation benefits be reduced by the amount of Kiewit's share of attorneys' fees and expenses.

Paragraph 5 of the order illustrates the circuit judge's belief that HRS § 386–8 does not warrant that future benefits be taken into consideration when calculating the amount of Kiewit's reimbursement.

**534**

Once the amount of future benefits has been determined, the court can then decide Kiewit's share of attorneys' fees and expenses based upon the future benefits. If, for example, Kiewit is relieved of paying $16,000 in future benefits, and if Kiewit's share of attorneys' fees and expenses, based upon the amount of future benefits it is relieved from paying, is also one-half (i.e., $8,000), then the ultimate calculation would be as follows: (1) $110,000, less (2) $37,689.75, less (3) $47,653.20 [18] ($111,306.40—$55,653.20 [19]—$8,000 [20]), resulting in a net recovery to Alvarado in the amount of $24,657.05.

## IV. CONCLUSION

In conclusion, we hold that where an employee pursues a third-party action alone, for purposes of HRS § 386-8, an employer is only entitled as a first lien, to the amount of workers' compensation expended less the employer's share of attorneys' fees and expenses. Furthermore, the amount of the employer's share of attorneys' fees and expenses is based upon the amount of compensation paid, and, if applicable, the amount of future benefits which the employer is relieved from paying as a result of the judgment or settlement of the third-party action.

Accordingly, we vacate that part of the August 4, 1995 Order Granting Kiewit Pacific Company's and Aetna Casualty and Surety Company's Motion for Reimbursement of Workers' Compensation Lien and the July 9, 1996 Judgment to the extent that it fails to reduce the amount of Kiewit's expenditure for workers' compensation by Kiewit's share of attorneys' fees and expenses, and remand for such a determination consistent with this opinion.

---

18. In this example, $47,653.20 represents the amount that Kiewit is entitled to recover of its $111,306.40 expenditure for workers' compensation benefits.

19. In this example, $55,653.20 represents Kiewit's share of attorneys' fees and expenses based

upon the amount of its compensation already paid.

20. In this example, $8,000 represents the amount of Kiewit's share of attorneys' fees and expenses based upon the future benefits Kiewit is relieved from paying as a result of the settlement.