993 P.2d 549

**Marcelo ALVARADO, Respondent–Appellant,**

v.

**KIEWIT PACIFIC COMPANY and Aetna Casualty & Surety Company, Petitioners–Appellees,**

v.

**Hygrade Electric Company, John Does 1–5, Jane Does 1–5, Doe Corporations 1–5, Roe Non–Profit Organizations 1–5, Doe Governmental Entities 1–5, Respondents–Appellees.**

No. 19984.

Supreme Court of Hawai'i.

Feb. 2, 2000.

Glenn N. Taga (Kurt A. Gronau, Brian G.S. Choy with him on the brief), on the briefs, Honolulu, for petitioners-appellees.

Stanford H. Masui (Herbert R. Takahashi, Danny J. Vasconcellos and Rebecca L. Covert with him on the brief), on the briefs, Honolulu.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by KLEIN, J.

We granted the petition for a writ of certiorari filed by petitioners-appellees Kiewit Pacific Company (Kiewit) and their workers' compensation insurance carrier, Aetna Casu-

alty and Surety Company (Aetna), to review the decision of the Intermediate Court of Appeals (ICA) in *Alvarado v. Kiewit Pacific,* 92 Hawai'i 524, 993 P.2d 558 (Haw.Ct.App. 1998) (hereinafter the "ICA opinion"). In *Alvarado,* respondent-appellant Marcelo Alvarado (Alvarado) appealed the circuit court's July 9, 1996 judgment granting Kiewit and Aetna's motion for reimbursement of their lien. The ICA vacated and remanded the circuit court's judgment, holding, *inter alia,* that: (1) the employer and insurance carrier were entitled to first lien only in amount of workers' compensation expended less their share of attorney's fees and expenses and (2) the employer's and their carrier's "share" of attorney's fees and expenses was to be based upon the amount of benefits already paid and the amount of future benefits they were relieved from paying, as a result of the settlement.

For the reasons set forth below, we essentially agree with the ICA's opinion, but granted certiorari to further explain and clarify the proper method to compute the distribution of a settlement or judgment pursuant to Hawai'i Revised Statutes (HRS) § 386–8 (1993).[1] Therefore, we remand this matter for proceedings consistent with this opinion and instruct the circuit court to enter judgment in the proper amount with respect to Kiewit and Aetna's share of the attorney's fees and costs derived from the settlement.

## I. BACKGROUND

In September of 1991, Alvarado, a Kiewit employee, suffered a work-related injury, within the scope of his employment, when he was struck by a motor vehicle owned by Hygrade Electric Company (Hygrade). At the time of Alvarado's injury, Kiewit was insured by a policy of workers' compensation insurance through Aetna. Kiewit and Aetna accepted liability for Alvarado's workers' compensation claim and paid workers' compensation benefits to or on behalf of Alvarado.

Subsequently, on February 3, 1993, Alvarado filed a complaint against Hygrade seeking to recover damages resulting from the

---

1. HRS § 386–8 provides in relevant part:

**Liability of third person.**
When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some person other than the employer or another employee of the employer acting in the course of his employment a legal liability to pay damages on account thereof, the injured employee or his dependents (hereinafter referred to collectively as the employee) may claim compensation under this chapter and recover damages from such third person.
. . . .
If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee. On application of the employer, the court shall allow as a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.
. . . .
In the event that the parties are unable to agree upon the amount of reasonable litigation expenses and the amount of attorneys' fees under this section then the same shall be fixed by the court.
After reimbursement for his compensation payments the employer shall be relieved from the obligation to make further compensation payments to the employee under this chapter up to the entire amount of the balance of the settlement or the judgment, if satisfied, as the case may be, after deducting the cost and expenses, including attorneys' fees.
The amount of compensation paid by the employer or the amount of compensation to which the injured employee is entitled shall not be admissible in evidence in any action brought to recover damages.
. . . .
If the special compensation fund has paid or is liable for any compensation under this chapter, the fund shall be entitled to all the rights and remedies granted an employer under this section; provided that the employer's right to reimbursement for compensation payments and expenses under this chapter shall have priority.

accident. On or about January 3, 1995, Hygrade made an offer of judgment to Alvarado in the amount of $110,000.00. On January 31, 1995, Kiewit and Aetna filed a motion for intervention, which the circuit court orally granted on February 8, 1995. Alvarado accepted Hygrade's offer and a judgment in favor of Alvarado was entered on April 5, 1995. Final judgment in favor of Kiewit and Aetna, against Alvarado, in the amount of $72,310.25 was entered on July 9, 1996.

## II. THE ICA'S DECISION

The ICA's opinion outlined a method to distribute, between an employer and employee, the amount of a settlement recovered by an injured employee who prosecutes a third-party tortfeasor alone. The ICA determined that pursuant to HRS § 386–8, the starting point is: (1) the total amount of the judgment or settlement, less (2) the reasonable litigation expenses and attorneys' fees which are based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer, less (3) the amount of the employer's expenditure for compensation which is reduced by (4) the employer's "share" of expenses and attorney's fees.

The ICA held that the circuit court did not properly reduce the amount of the employer's expenditure for workers' compensation by the employer's share of the employee's attorney's fees and expenses. Thus, the ICA vacated in part the circuit court's August 4, 1995 order granting Kiewit's and Aetna's motion for reimbursement of workers' compensation lien and the July 9, 1996 circuit court judgment in favor of Kiewit and Aetna and against Alvarado, remanding the case for determination of Kiewit's and Aetna's share of Alvarado's attorney's fees and costs.

On May 5, 1998 Kiewit and Aetna applied for a writ of certiorari seeking review of the ICA opinion, which we granted on May 12, 1998.

## III. DISCUSSION

### A. *Standard of Review*

■ The interpretation of a statute is a question of law which the appellate courts review de novo. *Brown v. Thompson*, 91 Hawai'i 1, 9, 979 P.2d 586, 594 (1999) (quoting *State v. Arceo*, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996)).

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. HRS § 1–15(1)(1993). Moreover, the courts may resort to extrinsic aids in determining the legislative intent. One avenue is the use of legislative history as an interpretive tool.

*Gray v. Administrative Dir. of the Court*, 84 Hawai'i 138, 148, 931 P.2d 580, 590 (1997) (internal citations, quotation marks, brackets, ellipses, and footnote omitted).

This court may also consider "the reason and spirit of the law, and the cause which induced the legislature to enact it[ ] ... to discover its true meaning." *Id.* at 148 n. 15, 931 P.2d at 590 n. 15; HRS § 1–15(2) (1993).

Also, this court is bound to construe statutes so as to avoid absurd results. *Keliipuleole v. Wilson*, 85 Hawai'i 217, 222, 941 P.2d 300, 305 (1997). "A rational, sensible and practicable interpretation of a statute is preferred to one which is unreasonable[,] impracticable ... inconsisten[t], contradict[ory], and illogical[ ]." *Id.* at 221–22, 941 P.2d at 304–05 (original brackets and citation omitted) (brackets added).

*Frank v. Hawaii Planing Mill Found.*, 88 Hawai'i 140, 144, 963 P.2d 349, 353 (1998) (some brackets added and some in original).

*Amantiad v. Odum,* 90 Hawai'i 152, 160–61, 977 P.2d 160, 168–69 (1999).

### B. *Analysis*

In their petition for a writ of certiorari, Kiewit and Aetna contend that the ICA: (1) erred in holding that the circuit court has unfettered discretion to determine the share of attorney's fees and costs based on a percentage of workers' compensation benefits paid; (2) exceeded the proper scope of its review; and (3) erred in basing an employer's recovery of its workers' compensation lien on the contingent benefit it would receive in the form of relief from liability for future workers' compensation benefits. While we agree with the ICA's basic analysis, we granted certiorari to provide clarification and guidance to the circuit court on remand.

1. *The circuit court retains some discretion to determine an employer's "share" of attorney's fees and costs pursuant to HRS § 386–8.*

HRS § 386–8 provides in relevant part that:

> If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. *After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.* On application of the employer, the court shall allow as a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, *less his share of such expenses and attorney's fee.*

(Emphases added.)

Inasmuch as HRS § 386–8 does not contain an express definition of "share," the term is ambiguous. However, legislative history provides us with explicit guidance of the legislature's intent when they amended HRS § 386–8. The current language of HRS § 386–8 was amended in 1973, with the addition of the language "less [the employer's] share of such expenses and attorney's fee." 1973 Haw. Sess. L. Act. 144 § 1 at 225–26.

The House of Representatives specifically stated:

> This bill proposes to explicitly re-state the *intent of the legislature to require an employer or insurance carrier to share in the payment of attorney's fees and costs in cases where an injured employee brings a third party action and there is a recovery from a third person which benefits both the employee and the employer.* The court's interpretation which created a windfall for the employer was not intended by the legislature and legislation to explicitly provide a sharing of attorney's fees and costs is presently required.

Hse. Stand. Comm. Rep. No. 375, in 1973 House Journal, at 912 (emphasis added).

Moreover, as the Senate stated in its evaluation of this issue:

> This bill proposes to explicitly re-state the intent of the legislature to require an employer or insurance carrier to share in the payment of attorney's fees and costs in cases where an injured employee brings a third party action and there is a recovery from a third person which benefits both the employee and the employer. The effect of this bill will be to accord the worker a greater portion of the settlement as well as insure fairness to all parties.

Sen. Stand. Comm. Rep. No. 864, in 1973 Senate Journal, at 974.

■ Therefore, under HRS § 386–8, the starting point to determine an employer's "share" is to be calculated as (1) the fraction equal to the amount of workers' compensation expended, plus calculable future benefits, divided by the total amount of the

settlement.[2] This fraction will then be (2) multiplied by the total amount of reasonable attorney's fees and costs incurred by the employee in the course of pursuing the recovery action. This "share" (computed in steps 1 and 2) should then be (3) subtracted from the total compensation already expended to date, by the employer.[3] This results in a first lien that the employer may assert against the settlement amount. However, prior to the execution of the lien, the remainder of the attorney's fees and costs should be (4) deducted from the settlement corpus. Then, (5) the amount of the employer's first lien (already calculated as compensation expended minus share of the attorney's fees and costs) may be asserted against the settlement. If a portion of the settlement corpus remains after the employer's execution of the lien (6), the employee is entitled to that remainder, subject to the requirement that the employee first exhaust all necessary future workers' compensation payments from that remainder prior to requesting future compensatory payments from the employer or its insurance carrier for the compensable injuries arising out of the same incident.[4]

This method of computation most clearly reflects the language of HRS § 386–8, which allows an employer "a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fees." Moreover, this formula reflects the legislature's intent to "accord the worker a greater portion of the settlement as well as insure fairness to all parties." Sen. Stand. Comm. Rep. No. 864, in 1973 Senate Journal, at 974.

▮ Therefore, we now adopt the rationale of state courts interpreting similar statutes, and require an employer to bear a pro rata share of the employee's reasonable attorney's fees and costs, because the attorney guarded the employer's interests, as well as the employee's, when the employer's attorney had not been active in litigation. 82 Am.Jur.2d. Work C § 725 (quoting *Summers v. Command Sys.*, 867 S.W.2d 312 (Tenn.1993)). *Cordell v. Chanhassen Auto Body*, 269 Minn. 103, 130 N.W.2d 362 (1964) (dependents entitled to recover from the employer a pro-rata share of the costs and reasonable attorney's fees incurred in pursuing settlement); *Insurance Co. of N. Am. v. Wright*, 886 S.W.2d 337 (Tex.Ct.App.1994) (workers' compensation insurance carrier properly chargeable with proportionate share of employee's costs and attorney's fees); *Quinn v. State*, 15 Cal.3d 162, 124 Cal.Rptr. 1, 539 P.2d 761 (1975) (employer should bear a proportionate share of reasonable litigation expenses incurred by employee in effecting tort recovery from third party); *Transport Indemnity Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App. 1976) (employer's workers' compensation insurance carrier's recovery of paid compensation was reduced by proportionate share of expenses incurred in prosecuting action against third party); *Davis v. Weyerhaeuser Co.*, 96 N.C.App. 584, 386 S.E.2d 740 (1989) (upon employee's recovery from third party, employer reimbursed less employer's proportionate share of the employee's attorney's fees and then remainder of the recovery disbursed to the employee).

In the instant case the distribution of the $110,000 settlement from Hygrade should be as follows: (1) the $111,306.40 of the workers' compensation expenditures should be reduced by Kiewit's and Aetna's share of the attorney's fees and costs; (2) the share of Kiewit's and Aetna's attorney's fees and costs is the full $37,689.75, because the frac-

---

2. If the "share" of compensation expenditures to date plus future benefits, divided by the total settlement amount is greater than the whole number one (1), then the employer is liable for all of the attorney's fees and costs incurred by the employee while pursuing recovery from the third party tortfeasor.

3. For the purpose of this formula, the term "employer" means employer and/or the employer's workers' compensation insurance carrier.

4. HRS § 386–8 provides in relevant part:

> After reimbursement for his compensation payments *the employer shall be relieved from the obligation to make further compensation payments to the employee under this chapter up to the entire amount of the balance of the settlement or the judgment,* if satisfied as the case may be, *after deducting the costs and expenses, including attorney's fees.*
> (Emphases added.)

tion of expenditures over the settlement total is greater than the whole number one (1); (3) the lien amount is $111,306.40 minus $37,689.75 or $73,616.65; (4) the $73,616.65 lien is then executed against the $110,000 settlement; finally resulting in (5) a $36,383.35 residuary to Alvarado.[5]

Furthermore, we provide the following example to clarify the distribution of the settlement (or judgment) amount when the fraction resulting from the employer's share of attorney's fees and costs does not exceed the whole number one (1). Assume a settlement in the amount of $200,000, attorney's fees and costs totaling $60,000, workers' compensation expenditures to date equaling $100,000, and it is agreed that the injured employee will require $25,000 in future workers' compensation benefit payments. The fraction would be (1) $100,000 plus $25,000 divided by $200,000 or .625. This fraction should then be (2) multiplied by $60,000, or $37,500. This share should then be (3) subtracted from the $100,000 compensation paid, resulting in a lien of $62,500. The remaining $22,500 of the attorney's fees and costs should (4) be deducted from the settlement of $200,000, resulting in $177,500. Then, the $62,500 employer's lien should be (5) executed against the $177,500 resulting in a $115,000 remainder to the employee. However, the employee must still (6) draw his $25,000 in future workers' compensation benefits from the $115,000 remainder, with a net to the employee in the amount of $90,000, assuming that the $25,000 future benefits estimate is accurate.

As the two previous calculations exemplify, under HRS § 386–8, the employer must bear a proportionate share of the employee's attorney's fees and costs incurred while pursuing recovery from the third party tortfeasor. The circuit court is to utilize the aforementioned applicable formulae as starting points in determining an employer's share of reasonable attorney's fees and costs. However, if the circuit court determines that the employer's share of the attorney's fees

and costs, as first computed under the applicable formula, is not reasonable in light of the particular circumstances of a case, we emphasize that the circuit court retains the discretion to consider each case on its merits. Thus, for example, if an employer does not cooperate and/or hinders an employee's attempt to pursue recovery, the employer's lien may be reduced by a greater share of the employee's attorney's fees and costs, at the circuit court's discretion.

2. *The ICA did not exceed its proper scope of review.*

Kiewit and Aetna also argue that the ICA exceeded its proper scope of review when it ruled that an employer's "share" of attorney's fees and costs under HRS § 386–8 should be based upon the amount of future benefits, if any, which the employer is relieved from paying, as a result of a third-party judgment or settlement.

The ICA correctly addressed the issue of "future benefits," because "future benefits" constitute an integral part in determining the apportionment of the share of attorney's fees and costs, as between the employee and the employer. Thus, because the ICA was required to determine Kiewit's and Aetna's share of Alvarado's attorney's fees and costs, the ICA necessarily considered the possibility of "future benefits" in order to provide guidance to the circuit court. Therefore, the ICA did not exceed its proper scope of review.

3. *The ICA did not err in basing the employer's recovery of its workers' compensation lien on contingent future benefits.*

In the instant case, pursuant to HRS § 386–8, the ICA properly based the employer's recovery of its workers compensation lien on contingent future benefits to the injured employee. Therefore, Alvarado is entitled to a residuary of $36,063.35 from the settlement his attorney negotiated with Hygrade.[6]

---

**5.** If Alvarado requires additional workers' compensation benefits arising out of this particular injury, he must first exhaust the $36,383.35 residuary, before Kiewit or Aetna are required to

make any additional workers' compensation payments on his behalf. *See supra,* note 4.

**6.** Despite their obvious interest in the matter, Kiewit and Aetna did not intervene or provide

It is a well accepted principle that an employer's recovery of its workers' compensation lien should be based on future contingent benefits. Interpreting HRS § 386–8, the Ninth Circuit stated:

> (T)he assessment against the employer for its pro rata share of attorney's fees in the third party tort recover (is) ... measured by "his *total compensation liability under the act, however much the obligation may remain unfulfilled at the time of the third party recovery,* rather than the compensation payments then actually made to the work(er)."

*Takahashi v. Loomis Armored Car Serv.,* 625 F.2d 314, 316 (9th Cir.1980) (emphasis added) (quoting *Teller v. Major Sales, Inc.,* 64 N.J. 143, 313 A.2d 205, 207 (1974)) (employer's share of the attorney's fee in a third-party tort recovery was to be measured by the amount of its compensation liability from which it had been released). States with similar workers' compensation statutes, that require an employer to share in the injured employee's attorney's fees and costs have concluded that the employer and its insurance carrier must bear a proportionate amount of the attorney's fees incurred, and that the share was to be measured with respect to the total compensation liability. *Sheris v. Travelers Ins. Co.,* 491 F.2d 603 (4th Cir.1974), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56; *Security Ins. Co. of Hartford v. Norris,* 439 S.W.2d 68 (Ky.1969) (insurer held liable for fees related to portion of the administrator's recovery which relieved the insurer of future compensation payments to the beneficiaries, in addition to bearing a proportionate share of the fee as an essential cost of recovery which benefitted the insurer); *Indiana State Highway Comm. v. White,* 259 Ind. 690, 291 N.E.2d 550 (1973) (employer required to pay attorney's fees for present and future benefit inured).

Therefore, we emphasize that under HRS § 386–8, an employer, and/or its workers' compensation insurance carrier, must bear its share of the employee's attorney's fees and costs in proportion to the present and future benefits derived from a third party settlement or judgment.

## IV. CONCLUSION

For the aforementioned reasons, we affirm in part, and reverse in part the ICA's opinion in order to clarify the proper method to compute the disbursement of a settlement or judgment pursuant to HRS § 386–8. Therefore, we remand this case to the circuit court for entry of judgment consistent with the computations set forth in this opinion, *supra.*

---

assistance to Alvarado in his attempt to pursue recovery from Hygrade for almost two years, until just before judgment was to be entered. Pursuant to HRS § 386–8, Kiewit (and Aetna) could have joined, Alvarado's action against Hygrade, as a party plaintiff, at any time before a trial on the facts, assuming, of course, that timely notice was provided to them.