NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000006**
**15-DEC-2020**
**07:56 AM**
**Dkt. 79 MO**

NO. CAAP-17-0000006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PATRICIA MORANZ, Plaintiff-Appellant,
v.
HARBOR MALL, LLC, Defendant-Appellee,
and
DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 14-1-0172)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

This appeal arises from a tort action in which a workers' compensation lien is in dispute.  Plaintiff-Intervenor/Appellee DTRIC Insurance Company, Ltd. (**DTRIC**), intervened in the case to enforce a lien against a settlement by Plaintiff-Appellant Patricia Moranz (**Moranz**) for injuries Moranz sustained at Harbor Mall in Lihue, Kaua'i, which is owned and operated by third-party Defendant-Appellee Harbor Mall, LLC (**Harbor Mall**).  Moranz appeals from the "Order Denying Plaintiff's Motion for Determination of Validity of Claim of Lien of DTRIC" (**Lien Order**) entered on December 5, 2016, and Judgment thereon filed on December 27, 2016, by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

On appeal, Moranz contends the circuit court erred in (1) refusing to consider common law and equitable principles that

---

[1]  The Honorable Randall G.B. Valenciano presided.

limit DTRIC's right to subrogation and reimbursement, (2) awarding a lien based on unpaid benefits, and (3) calculating the lien reduction for attorney's fees and costs based on unpaid future compensation.

Based on our interpretation of Hawaii Revised Statutes (**HRS**) § 386-8 (2015 Repl.), we conclude the Circuit Court properly determined DTRIC had a valid workers' compensation lien and properly determined the amount of the lien.  We therefore affirm.

## I.  Background

On August 28, 2012, Moranz, an employee of a restaurant located in Harbor Mall, suffered a work-related injury when she fell down a stairwell.  Moranz filed a claim for workers' compensation benefits with DTRIC, her employer's insurance carrier, and received medical, indemnity and vocational rehabilitation benefits.

On August 25, 2014, Moranz filed a complaint against Harbor Mall, alleging it was negligent for the stairwell's unsafe condition which caused her to fall, and she sought general and special damages due to the August 28, 2012 accident.[2]  In early 2016, Moranz and Harbor Mall arrived at a proposed settlement (**Third-Party Settlement**).[3]  DTRIC consented to the proposed

---

[2]  "General damages encompass all the damages which naturally and necessarily result from a legal wrong done, . . . and include such items as pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms."  Kanahele v. Han, 125 Hawaiʻi 446, 451 n.8, 263 P.3d 726, 731 n.8 (2011) (internal quotation marks omitted) (quoting Bynum v. Magno, 106 Hawaiʻi 81, 85, 101 P.3d 1149, 1153 (2004), as amended (Dec. 2, 2004)).  Special damages are "the natural but not the necessary result of an alleged wrong[,]" and are "often considered to be synonymous with pecuniary loss and include such items as medical and hospital expenses, loss of earnings, and diminished capacity."  Bynum, 106 Hawaiʻi at 85-86, 101 P.3d at 1153-54 (quoting Ellis v. Crockett, 51 Haw. 45, 50, 451 P.2d 814, 819 (1969); Dunbar v. Thompson, 79 Hawaiʻi 306, 315, 901 P.2d 1285, 1294 (App. 1995)).

[3]  DTRIC was invited to participate in mediation.  We further note that HRS § 386-8 (2015 Repl.) provides, in relevant part:

> If the employee commences an action against such third
> person he shall without delay give the employer
> written notice of the action and the name and location
> of the court in which the action is brought by

(continued...)

Third-Party Settlement, provided the settlement was for a specified amount or more, but disputed the amount of lien repayment, which would "be determined at a later date."  Moranz and Harbor Mall agreed to a settlement in the amount of $200,000, general damages only.

On May 24, 2016, Moranz filed a "Motion for Determination of Validity of Claim of Lien of DTRIC," (**Motion to Determine Lien**), asserting DTRIC had no right of reimbursement related to the Third-Party Settlement.  DTRIC opposed the motion, requesting that the Circuit Court declare DTRIC's lien to be valid for past workers' compensation benefits paid, to declare a credit for up to the entire amount of the balance of the Third-Party Settlement after deducting attorneys' fees and costs, and for reimbursement for past worker's compensation benefits paid to or on behalf of Moranz.

On July 29, 2016, DTRIC intervened in the case for the limited purpose of determining the validity and amount of its lien.  On September 28, 2016, Harbor Mall was dismissed with prejudice by stipulation.

On December 5, 2016, the Circuit Court issued the Lien Order, in which it ruled that DTRIC "has a valid lien on the proceeds of [Moranz's] settlement with Defendant Harbor Mall, LLC" and that DTRIC is entitled to a workers' compensation lien in the amount of $99,921.96, calculated in accordance with the formula set forth in Alvarado v. Kiewit Pacific Company, 92 Hawaiʻi 515, 993 P.2d 549 (2000).  Judgment was thereafter entered on December 27, 2016.

## II.  Discussion

## A.   The circuit court properly applied HRS § 386-8

In her first point of error, Moranz argues that the Circuit Court erred in reducing DTRIC's lien amount only by its

---

(...continued)
          personal service or registered mail.  The employer
          may, at any time before trial on the facts, join as
          party plaintiff.

share of expenses and reasonable attorney's fees pursuant to HRS § 386-8.  Instead, Moranz argues the Circuit Court should have construed the statute to incorporate equitable principles and remedies to fully compensate Moranz for her extensive injuries. Moranz further contends the Circuit Court should have considered whether any amount of the Third-Party Settlement included amounts duplicative of the workers' compensation benefits paid by DTRIC, and if so, from what amount could DTRIC seek reimbursement. Moranz further argues that the legislative history of HRS § 386-8 did not deprive workers of the equitable protections inherent in the common law doctrine of subrogation.

DTRIC counters that the plain and unambiguous terms set forth in HRS § 386-8 do not allow the Circuit Court to reduce DTRIC's reimbursement by anything other than attorneys' fees and costs.  Thus, DTRIC argues that the "equitable considerations" asserted by Moranz are not authorized under HRS § 386-8.

"Appellate courts review statutory interpretation de novo."  Ihara v. State Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 41, 404 P.3d 302, 307 (2017) (citing Van Ness v. State, Dep't of Educ., 131 Hawaiʻi 545, 558, 319 P.3d 464, 477 (2014), as corrected (Feb. 4, 2014)).  "When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  Id. (quoting Van Ness, 131 Hawaiʻi at 558, 319 P.3d at 477).

Based on our review of HRS § 386-8,[4] there is no ambiguity as to an employer's[5] right of reimbursement for workers' compensation payments.  HRS § 386-8 allows an injured

_____

[4]  The applicable version of HRS § 386-8 was in effect at the time of Moranz's 2012 accident.  In 2016, amendments were made to the statute, including enumerating the paragraphs and providing for apparently non-substantive minor edits.

[5]  HRS § 386-1 (2015 Repl.) provides, in part, "[t]he insurer of an employer is subject to the employer's liabilities . . . and [is] entitled to rights and remedies under this chapter as far as applicable."  For purposes of HRS § 386-8, the term "employer" means the employer and/or the employer's workers' compensation insurance carrier.

worker entitled to recover workers' compensation benefits to also recover damages from a liable third party, stating:

> When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some person other than the employer or another employee of the employer acting in the course of his employment a legal liability to pay damages on account thereof, the injured employee ... may claim compensation under this chapter and recover damages from such third person.

However, HRS § 386-8 further provides, in relevant part:

> No release or settlement of any claim or action under this section is valid without the written consent of both employer and employee.  The **entire amount** of the settlement **after deductions for attorney's fees and costs as hereinafter provided**, is subject to the employer's right of reimbursement for his compensation payments under this chapter and his expenses and costs of action.
>
> If the action is prosecuted by the employee alone, the employee shall be entitled to apply out of the amount of the judgment for damages, or settlement in case the action is compromised before judgment, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer.  After the payment of such expenses and attorney's fee there shall be applied out of the amount of the judgment or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.  On application of the employer, the court shall allow as a first lien against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee.
>
>       . . .
>
> In the event that the parties are unable to agree upon the amount of reasonable litigation expenses and the amount of attorneys' fees under this section then the same shall be fixed by the court.
>
> After reimbursement for his compensation payments the employer shall be relieved from the obligation to make further compensation payments to the employee under this chapter up to the entire amount of the balance of the settlement or the judgment, if satisfied, as the case may be, after deducting the cost and expenses, including attorneys' fees.

Id. (emphases added).

        The workers' compensation statute must be "construed . . . liberally" in order to effect its "beneficent purposes."

Ihara, 141 Hawaiʻi at 41, 404 P.3d at 307 (quoting Puchert v. Agsalud, 67 Haw. 25, 36, 677 P.2d 449, 457 (1984)).  Moranz argues that HRS § 386-8 should be interpreted such that, because the Third-Party Settlement compensated Moranz for general damages only, which did not correspond to or were not duplicative of amounts paid by workers' compensation benefits, equitable or common law principles of subrogation entitle Moranz to retain those sums in order to allow her to be fully compensated for her loss.  Notwithstanding Moranz's argument, the statute's plain and unambiguous terms do not provide or allow for the equitable considerations that Moranz insists must be construed as part of the statute.

Under HRS § 386-8, the "entire amount of the settlement after deduction for attorney's fees and costs" is "subject to the employer's right of reimbursement for his compensation payments." Id. (emphasis added).  Furthermore, "there shall be applied out of the amount of the . . . settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee."  Id.  The amount of the lien is, likewise, "against the amount of the judgment for damages or settlement proceeds, the amount of the employer's expenditure for compensation, less his share of such expenses and attorney's fee."  Id.  The provision for DTRIC's reimbursement from the Third-Party Settlement for its workers' compensation expenditure, less attorney's fees and costs, is clearly stated in HRS § 386-8.

We note, moreover, that other statutes involving insurer subrogation specifically provide limitations for wage loss or duplication of benefits, *e.g.,* compare HRS § 392-46 (2015 Repl.) (according subrogation rights to insurers of Temporary Disability Insurance Benefits to the extent damages include wage loss),[6] and HRS § 431:10C-307 (2019 Repl.) (limiting an insurer's

---

[6]  HRS § 392-46 provides, in part:

> If any individual who has received benefits under this chapter is entitled to recover damages from a third person who is responsible for the sickness or accident

(continued...)

recovery of no-fault benefits to that which is duplicative of the benefits paid ).[7]  However, HRS § 368-8 does <u>not</u> specify any limitations as to what is subject to the workers' compensation lien, does not distinguish between general or special damages in the recovery from a third-party, and does not provide that consideration be made whether parts of the recovery from a third-party is duplicative of workers' compensation benefits that were paid.  Instead, the language of HRS §368-8 is unequivocal in terms of the amount of a third-party settlement that is subject to the right of reimbursement for workers' compensation payments.

Given the plain language in HRS §368-8, Moranz's claim of error lacks merit and the Circuit Court did not err in rejecting Moranz's argument that equitable principles should have been applied to determine the amount of DTRIC's lien.

**B.   The Circuit Court did not err in calculating DTRIC's lien**

**1.   DTRIC's lien was properly calculated to include stipulated further workers' compensation benefits**

In her second point of error Moranz contends the Circuit Court erred in granting a lien in an amount over the amount DTRIC had actually paid at the time of the Third-Party

---

(...continued)
causing the disability, the employer, the association of employers, the insurer, or the trust fund for disability benefits, providing disability benefits shall be subrogated to, and have a lien upon, the rights of the individual against the third party <u>to the extent that the damages include wage loss</u> during the period of disability for which temporary disability benefits were received in the amount of such benefits.

(Emphasis added).

[7]  HRS § 431:10C-307 provides:

Whenever any person effects a tort liability recovery for accidental harm, whether by suit or settlement, which <u>duplicates</u> personal injury protection benefits already paid under the provisions of this article, the motor vehicle insurer shall be reimbursed fifty per cent of the personal injury protection benefits paid to or on behalf of the person receiving the <u>duplicate benefits</u> up to the maximum limit.

(Emphases added).

Settlement, in contravention of HRS § 386-8, which does not authorize compensation for benefits not yet paid. Specifically, Moranz argues that the Circuit Court used a much higher figure for paid compensation, when actual paid compensation at the time of settlement was $63,245.41. At the August 23, 2016 hearing on Moranz's Motion to Determine Lien and DTRIC's motion to intervene, DTRIC represented to the Circuit Court that a settlement between DTRIC and Moranz for additional workers' compensation benefits of about $125,000 was pending, subject to approval by the Department of Labor and Industrial Relations (**DLIR**). Further, as DTRIC points out, Moranz's submissions to the Circuit Court show that the settlement for $125,816.72 in additional workers' compensation benefits, which had been signed by Moranz on September 1, 2016, was approved by DLIR on September 28, 2016. At this point, DTRIC was obligated to pay the additional workers' compensation benefits in the specified amount. The Circuit Court subsequently entered the Lien Order on December 5, 2016.

Given the circumstances of this case, where Moranz had executed a stipulated settlement for the $125,816.72 in additional workers' compensation benefits, and that settlement was then approved by DLIR before the Lien Order, we cannot say that the Circuit Court erred in including the $125,816.72 amount in calculating DTRIC's lien.[8]

2.   **The Circuit Court did not erroneously calculate DTRIC's lien**

Turning to the calculation of DTRIC's lien, Moranz's third point of error is that the Circuit Court erroneously calculated the lien reduction based on the total of paid compensation and the $125,816.72 settlement amount for additional workers' compensation benefits. However, it appears that the Circuit Court properly calculated DTRIC's lien amount under

---

[8] If the $125,816.72 amount was not calculated as part of DTRIC's lien, Moranz's residual from the settlement would be higher but that residual would need to be exhausted before DTRIC was required to make additional workers' compensation payments on her behalf. <u>See</u> <u>Alvarado</u>, 92 Hawaiʻi at 520 n.5, 993 P.2d at 554 n.5.

Alvarado.  The formula in Alvarado is stated as follows:

> [U]nder HRS § 386-8, the starting point to determine an employer's "share" is to be calculated as (1) the fraction equal to the amount of workers' compensation expended, plus calculable future benefits, divided by the total amount of the settlement.  This fraction will then be (2) multiplied by the total amount of reasonable attorney's fees and costs incurred by the employee in the course of pursuing the recovery action.  This "share" (computed in steps 1 and 2) should then be (3) subtracted from the total compensation already expended to date, by the employer.  This results in a first lien that the employer may assert against the settlement amount. However, prior to the execution of the lien, the remainder of the attorney's fees and costs should be (4) deducted from the settlement corpus.  Then, (5) the amount of the employer's first lien (already calculated as compensation expended minus share of the attorney's fees and costs) may be asserted against the settlement.  If a portion of the settlement corpus remains after the employer's execution of the lien (6), the employee is entitled to that remainder, subject to the requirement that the employee first exhaust all necessary future workers' compensation payments from that remainder prior to requesting future compensatory payments from the employer or its insurance carrier for the compensable injuries arising out of the same incident.

92 Hawaiʻi at 518-19, 993 P.2d at 552-53 (footnotes omitted).

Applying the Alvarado formula to this case, the results are as follows:

> **Step 1:** The fraction equal to the amount of workers' compensation expended, plus calculable future benefits, divided by the total amount of the settlement equals **.9453** ($189,062.13 ÷ $200,000).[9]
>
> **Step 2:** The fraction is multiplied by the total amount of reasonable attorney's fees and costs incurred by Moranz in the recovery action, which results in DTRIC's "share" of **$89,140.17** (.9453 x $94,298.29).

---

[9]  Workers' compensation expended consists of the following added together:

$ 30,474.48 medical expenses
$ 20,276.43 indemnity payments
$ 12,494.50 vocational rehab
$125,316.72 DLIR Settlement (permanent partial disability)
$    500.00 disfigurement
_____

$189,062.13 Paid Compensation

DTRIC erroneously excluded the $500 disfigurement payment in the future benefit calculation.  It is included in this calculation.

**Step 3**: This "share" is subtracted from the total compensation already expended to date, by the employer, which is the first lien in the amount of **$99,921.96** ($189,062.13-$89,140.17) that DTRIC may assert against the settlement amount.

**Step 4**: Prior to the execution of the lien, the remainder of the attorney's fees and costs should be deducted from the settlement corpus, resulting in **$194,841.88** ($200,000-$5,158.12).[10]

**Step 5**: The amount of the employer's first lien may be asserted against the settlement, $194,841.88-$99,921.96.

**Step 6**: If a portion of the settlement corpus remains after the employer's execution of the lien, the employee is entitled to that remainder, which is **$94,919.92.**

92 Hawaiʻi at 518–19, 521, 993 P.2d at 552–53, 555.  In the Lien Order, the Circuit Court properly calculated a valid workers' compensation lien in the amount of $99,921.96, which is the result in Step 3 above.

### III.  Conclusion

Based on the foregoing, the "Order Denying Plaintiff's Motion for Determination of Validity of Claim of Lien of DTRIC" entered on December 5, 2016, and the Judgment filed on December 27, 2016, by the Circuit Court of the Fifth Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, December 15, 2020.


On the briefs:                        /s/ Lisa M. Ginzoa
                                      Chief Judge
Susan L. Marshall,
for Plaintiff-Appellant.              /s/ Keith K. Hiraoka
                                      Associate Judge
Ronald M. Shigekane,
for Plaintiff-Intervenor/             /s/ Clyde J. Wadsworth
Appellee.                             Associate Judge

---

[10]  $94,298.29 Moranz's attorney's fees and costs
   -$89,140.17 DTRIC's "share"
   _____

   $5,158.12 Remainder of attorney's fees and costs